All right, we'll take up our next case, which is United States v. Hodges. Mr. Byrne, we'll hear from you. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. My name is Jonathan Byrne. I'm appearing this morning on behalf of Gary Hodges, the defendant below. Mr. Hodges was convicted of two counts of the attempted enticement of a minor, but there were no minors in this case. The alleged minors involved, ages 11 and 13, were creations of law enforcement. Regardless, Mr. Hodges' guideline range was greatly enhanced because of provisions relating to minors. The plain reading of minor, an actual person who has not reached 18 years of age, is unambiguous. As a result, the guideline commentary expanding the definition to include fictitious minors cannot control. Why do you say it's unambiguous? Because it is a term that is undefined in the guideline itself, and therefore we apply the ordinary and natural meaning. And if you look, we laid out a bunch of dictionary definitions, including blacks legal, and they all point to the fact that a minor is a person, is an actual individual who has not yet attained the age of 18. I think if you went out on the street and asked 10 people what a minor was, what that meant, none of them would say that that meant a fictitious person that was concocted by law enforcement for part of a sting operation. We have lots of cases. There's one, U.S. v. Kelly, and in footnote 7 of that case, it goes through a long laundry list of cases and concludes they've all uniformly rejected the argument that an actual child must be placed at risk. In order to sustain a conviction, yes, Your Honor, but I think that's a different question as to whether the guidelines enhancements apply in situations where the minors are fictitious. The fact that... The statute gets to use a lesser term than the guidelines? A lesser term, necessarily, Your Honor, but a term in a different context. And in a situation where the guidelines can be... The commission can be more specific, generally, than the statutory language can be. And if the commission had put the definition of minor that included fictitious minors in the guideline itself, I wouldn't be here. But they did pretty much exactly the same thing that happened in Campbell. You have a term, and then in the commentary they say, well, this term also includes these other things. And the commission can't do that unless it's resolving some sort of ambiguity. And in this case, there really isn't an ambiguity. Because you're... Well, let me answer... Yes, go ahead. Because I think this is a little different than Campbell, because Campbell, there was this conflict between the actual language in the statute and the guidelines expanded and added additional, I guess, crimes. Here, the commentary just defines what a minor is, and it says it can be a fictitious person, law enforcement person. Yes, but I still think it leads to the same result, which is that the guideline itself, the reach of it gets expanded by the commentary in a way that is not appropriate under Campbell in the related cases. Do you have a case from anywhere that says in this context, you know, any of these statutes that relate to children, that the child must be an actual child? I do not, Your Honor. I can't point this court to a case that says this is what the district court should have done below. We're sort of arguing from the principles, again, in Campbell in the related cases about how the guidelines and the commentary interact. Let me ask you, and follow up to Judge Agee's question. So, if I'm looking at, I guess, legislative intent and statutory construction, if I'm looking at the legislative intent, there is, so you have this enhancement that deals with the attempt, right? This one deals, this is all about an attempt. And then there's another enhancement, I think, is 2G13B4A that actually deals with if there's actual contact. So, if there's actual contact with a minor. So, you have an attempt, this is an attempt enhancement that he gets, and then there's one that actually deals with the contact with a minor. So, it seems as if there's some consideration there based on this being an attempt enhancement rather than one when you're an actual person. Certainly, the guideline draws a distinction between an offense that leads to contact and one that does not. But that doesn't necessarily turn, the other enhancements don't necessarily turn on whether there is an actual minor or not. Obviously, if there's contact, there would have to be an actual minor. I guess my point is that the statutes appear to, the focus on this one is an attempt. Is the attempt, the whole attempt of the enhancement. Whereas the other one is when it actually happens. There is an additional enhancement that does apply when the sexual act does actually occur. But I don't necessarily think that that undermines the argument as to the others. Of course, if there was actual contact and there was an actual minor, this issue wouldn't be part of the case. You could also have situations where there are actual minors where the offense doesn't progress to involving contact. So, those enhancements would apply in those cases, whereas the contact enhancement would not. See, with applying the enhancement, the commentary here is that the commentary defines the word minor for the entire, frankly for the entirety of all of the enhancements here. And some of them by definition couldn't apply if the individual was fictitious. A fictitious individual for example, couldn't have been killed or couldn't have been, frankly there couldn't have been the actual contact. And so, because the application of the commentary seems to provide a definition that necessarily wouldn't work for what seems to me the vast majority of the enhancements that it's referring to, I'm struggling with how this commentary could even be applied to these, this long list of enhancements. Well, I don't necessarily disagree with that, Your Honor. And I think that actually sort of bolsters our argument in that that shows that that definition, the definition of minor has to get stretched to apply to these situations where there are not actual minors because the definition of minor itself. That's why I'm agreeing with you for a different reason that this definition isn't limited to the enhancements that are at issue here. The definition applies to all of the enhancements. And, or excuse me, the commentary applies to all, the definition in the commentary applies to all of the enhancements. And for that reason it seems to me that it's really amending in ways that were not contemplated, at least not by Congress in adopting the enhancements themselves. Correct, Your Honor. I apologize for missing your intent there initially. But yes, I would agree with that. Of course, we are here on plain error. Our position is that not only is this error, it is plain because it is contrary to cases up through Mitchell that explains how commentary interacts with the guideline. It affected Mr. Hodge's substantial rights. His guideline range would be orders of magnitude less without these two enhancements, particularly the eight-level enhancement that applied because one of the fictitious minors was 11 years old. And it's also one of those cases that falls within the Rosales-Morales holding from the Supreme Court that says these situations generally are going to be the kind of ones courts should notice on plain error. Can error really be plain when there's, you admit there's no settled law on this question anywhere? It's not even settled law. There's not even a single case as far as I, I haven't been able to find it. As I said earlier, I can't point you to a case that says this, but I think there are general principles from long established Fourth Circuit precedent about how commentary and the guidelines interact. I don't, I don't think for an error to be plain, it has to be that granular that would effectively really near a plain error review to almost a nullity. If there aren't any further questions at this point, I will reserve, reserve my time. All right. Thank you, Mr. Byrne. Ms. Harreld? Thank you, Your Honor. May it please the Court, Jennifer Harreld on behalf of the United States. The District Court did not plainly error by applying these enhancements under 2G1.3. There was no objection. There is absolutely no case law that says the term minor is an unambiguous term that refers only to real children. Such a reading is inconsistent with the scope of the offenses that are covered by this particular guideline. And... So, you're saying the term is ambiguous? I think the term is either ambiguous in that the definition of minor, even the ones put forward by the defense in their brief, are not consistent in exactly the same way. In fact, they're somewhat vague. None of them say, one of them says an age. The others say someone who is a mature adult. So, I think that this is not a term that unambiguously covers only real children. And to the extent that it is unambiguous, I think it unambiguously would be consistent with the scope of the statutes, which would include fictitious minors. What's applied here was the enhancement, and the enhancement says minor. And so, are we to look to the commentary? I think in this case, if we determine that the word minor is not unambiguously referring to only real children under the age of 18, then precedent would demonstrate that we look to the commentary if it has a definition. And this is simply a definition. This is where I'm struggling. What do you do with my question that I asked your friend about the fact that this definition of minor, which is very long, it doesn't just say real or fictitious. It actually goes on and talks about a real or fictitious minor, but only in the case where the law enforcement officer was creating the fiction. So, if I created the fiction or you created, well, if anybody else, a person created the fiction, in fact I think we have a case that says this, then it doesn't apply. But it does apply to the specific kind of fiction. That seems to me an expansion on what was even intended in the enhancement itself. Well, I think what the enhancements, I think to answer that question, it's important to look at the purpose of the guidelines in a very broad context. The purpose of the guidelines is to limit and reduce unwarranted discrepancies between sentences for two people that basically committed the same offense. And for 2422B, the offense is not the sex act. The offense is their attempt to persuade. And Mr. Byrne pointed out there are going to be situations where someone might have attempted to entice a real minor. They might have gone through all the steps, but never consummated the act. Couldn't that have been, you're certainly right, but couldn't that have been a fiction created by somebody's enemy that wants to entrap them and creates this fiction? So then you have a, the person could have done the exact same thing as the defendant here. But the minors were created by somebody that was not law enforcement. And I think that you can see that the enhancement would not apply, the enhancements would not apply in that circumstance. And so where I'm getting stuck is the fact that this, this commentary both doesn't apply, the definition of the commentary both doesn't apply throughout the enhancements, because some of them by definition it couldn't apply. You can't kill somebody that's a fiction. And that, and in addition to this disparity argument that you're making, well then you have another disparity. The defendant could have done the exact same thing. And if the person making up the fictitious characters was a person that was not law enforcement, these enhancements would not apply. I think, under your logic and under our case law. I would agree with that, Your Honor. The way the definition is, it has to be law enforcement. And I think that that goes exactly to your point. It would prevent someone from getting this enhancement if it was their neighbor that they were disputing a property boundary with who went after them in this, in this manner. It is something that is law enforcement. I agree with you. It's great public policy. It's just not written in the enhancements. And it's not our job to legislate public policy. I understand that, Your Honor. I would put forward that this guideline actually does follow exactly with legislative intent if you follow the definition. Because the legislative intent and this case law, Judge Adey cited to the Kelly case. This district and every other district to address, or every other circuit to address the issue has stated that these statutes are not focused on the outcome. When we're talking about the statute, we're talking about the guideline. Is there a case that says that about the guideline? And are we really supposed to be looking at the legislative history of the guidelines? Well, I think it goes sort of a two-step analysis. Congress comes up with the statute. Congress approves the guidelines. And I think it's a reasonable conclusion that Congress intends for the guidelines to match their statutes. In this case, you would create a huge disparity between people who engage in the exact same crime, the exact same criminal act. And there would be a ten-level swing, for example, in this case, between those two individuals. And that, I think, in turn goes to another point in this plain error review context. This is not a case where notice should be applied. In this case, if you give this person who did the exact same thing, it just happened that law enforcement proactively intervened before he could rape an 11-year-old, and we were to give that person a huge windfall through no effort of Mr. Hodges, he was, I'm sure, very disappointed that he did not get to fulfill his wishes, the public and the public reputation of the judiciary will be substantially damaged. So even if you were to find that this was plain error, this is not a case where that plain error should be noticed. This is something that it would be a different scenario, possibly, if the objection had been raised. I believe the outcome would be the same, that this enhancement, like in every other circuit, no circuit has ever found that this definition should not be considered. And I do not think it falls squarely under CAMBED. MS. MCDOWELL That this enhancement should be applied to a fictitious minor created by law enforcement? This enhancement, has it ever been found by any circuit that it should be applied? MS. MCDOWELL I mean, it's been affirmed in a number of circuits. I, since we were looking at plain error. MS. MCDOWELL The issue that we're talking about, whether or not this enhancement applies to this circumstance, has the case addressed that question? MS. MCDOWELL I, in others, I mean, there's nothing in our circuit, I don't think that, there's cases that have affirmed sentences where this was applied. I've had this particular enhancement applied in probably two dozen of my cases that were essentially the same undercover operation. It has never been, and since we're in the plain error context, it has never been found to not apply in these circumstances. And I don't know that there is generally not a challenge made to this in this context, which is why it wasn't objected to in the district court. But I can't cite to you a specific case where they affirmatively found that, I'm sure they exist in other circuits. Given the plain error review, I did not delve that deep into that, Your Honor. I apologize. MS. MCDOWELL I didn't find any. MS. MCDOWELL I wanted to touch a bit back on the distinction between this and Campbell. I think Judge Benjamin made a very good point that Campbell was dealing with essentially two definitions. You had a definition in the guideline and a definition in the commentary that conflicted with one another. Here we have a word, and a word, and particularly a word that is not in the context of another list where we can look at the scope of that list, is a word that is used in statute. It's a word that is used in the guidelines, but it is a singular word. And Campbell is a much more obvious discrepancy between the guidelines and this. And to Mr. Burns' point that it would make a nullity of plain error in this context, well, plain error is supposed to be difficult to challenge. And the Limbaugh case in this district, it was an authored but unpublished opinion, did find that an analysis under plain error with Campbell has to show that that particular guideline has been found to be unambiguous and that a conflict was created. So it is granular and it should be, because Campbell is a very complex analysis and to put it under plain error view when there's never been any case law addressing that particular guideline it's an extremely guideline specific interpretation. So I think it is appropriate that this is a very granular issue focused on just this word. And this word, I think, even if you would agree that the definition of minor is 18, which varies from state to state in different contexts, you know, a minor is able to consent to sex at 16 in many states. The definition itself, even the ones that were cited, simply say a person. And there is no law that says the word person unambiguously refers to a real person. I mean, if I were to say, Mr. Burns pointed out, if you went to people on the street and asked them a question, I think if I went up to people on the street and said, Harry Potter is a person, no one's going to think, or a minor, I don't think anyone's going to say, well, you're using the word minor incorrectly, because a minor can only apply to real people. And I think that's important. We're just looking at, is the only reasonable interpretation of this word, minor, that it applies unambiguously to real people? And I do not think that we can say that. And therefore, the guidelines allow us to look at the commentary definition. So let's take us back to the commentary and your Harry Potter hypothetical, because here, Harry Potter is a fictitious minor, but not, as far as I know, a law enforcement officer represented to a participant. So even under your hypothetical, the Harry Potter wouldn't apply. And so how, in the commentary, do the drafters of the commentary get to amend what was adopted and really change, substantively change, what was adopted by Congress in adopting the enhancements? My hypothetical went to, because I think the first step is just looking at the word minor by itself, because we look only at the text of the guideline. And so we're looking at minor without looking to the commentary to ask, is that word unambiguously referring only to real people? And the Harry Potter example is, I think, to say, look, the word unambiguously in the English language referring only to real children. Now, I would agree with you, Harry Potter's not a good example for falling under the commentary because he's not law enforcement. But until we find that the word minor itself goes unambiguously refers only to real people, we don't need to go and see, is the commentary covering every possible scope of minor? The question is, does this word have only one reasonable interpretation? And is that one reasonable interpretation that it must apply to a real child? And Congress obviously didn't think that minor needed to have that definition when it created these statutes because it wants to convict people on both ends because they're committing the same crime. They are going forward. They are working to persuade a minor. And that's the guideline. Whether a sex act occurs is frankly irrelevant in these statutes. They have engaged in the same exact conduct and the guidelines are meant to make sure that two people that engage in the same conduct get the same sentence. That's what the statutory purpose of the guidelines is and the only way that this word can be read to comply with the statutory obligations and the actual statutes that the guideline refers to is to interpret it to incorporate more than one reasonable explanation. And once we hit that point, once we hit that this is ambiguous, there's at least two rational conclusions as to what minor could encompass, then that's when the commentary becomes authoritative and we can turn to that. The commentary have to be authoritative with respect to every aspect of the guideline because I think clearly this commentary can't apply to all of the aspects of the guideline. It can't apply to the aspects of the guideline where you need to have a real person. Well, I mean, many definitions are going to have, a word might be defined to include a number of different aspects that aren't always going to be with every enhancement. But to say that two people that attempt to have sex with an 11 year old and one succeeds and one doesn't is going to be the difference between one getting a 41 as their offense level and one getting a 31 as their offense level. But that's the case here. If somebody, if the fictitious minor was created not by law enforcement, that would exactly be that fact pattern. Which is why that is, again, that is reasonable. They're expecting, and the statutes and honestly the way these statutes are implemented, they generally are either a real minor or law enforcement. We generally don't like to, there's a lot of complications in trying to prosecute something where a random person in their basement has created a fictitious minor. There's not a control factor. We can't go meet that person to intervene until law enforcement becomes involved in advance. So those cases would be highly unusual. I have never seen one in the Southern District of West Virginia, for example. So the guidelines as written with this definition would apply to almost every possible scenario that's actually going to be sentenced in a federal court. But either way, I think that there are times where a definition is not going to perfectly match an enhancement. And that's why those enhancements, such as the Sex Act or really the parent-guardian one, for example, those do require a real minor. And that distinguishes between someone who has actually harmed a real minor and someone who hasn't. But because the guidelines want to distinguish between those two different types of defendants, doesn't render that definition inappropriate. It's not directly in conflict with the word. I'm not suggesting it's inappropriate. Pardon? No one's saying it's not appropriate, but appropriateness isn't the legal standard. That's fair, Your Honor. I think it is something that courts have to defer to because the word is not unambiguous and the definition is not inconsistent with the statute. It's narrower than the statute in that it could be The statute could cover, as you said, a neighbor pretending to be fictitious. The statute can cover that. The fact that the guidelines want to make enhancements narrower than that or make a definition narrower than that for purposes of the enhancements, doesn't mean that that definition should not be, should not receive the I think I've covered all of my major points, so unless there are any further questions, I would submit that this is not plain error. Even if it was plain error, it should not be noticed because that would drastically undermine the public reputation of the judiciary and that Mr. Hodges' sentence should be affirmed. All right. Thank you very much, Ms. Harreld. Mr. Byrne, you've got some rebuttal time. You're on mute. There we go. Yes, I wanted to just address a couple of the things that Ms. Harreld brought up. One of the things that she mentioned are definitions of minor that we put in the brief and that they're ambiguous in some way. They are not ambiguous in the fact that three out of the four of them require a person and the third one requires someone who is defined as a child, i.e. real people. None of them suggest that fake people would meet that definition. Certainly, they could have been a particularized definition, but in a general common meaning sense, they just don't. One of the things I think it's important to consider here is that the guidelines are a blunt instrument and the courts recognize that in other situations like a career offender situation. The largest part of the enhancement in this case was the eight-level enhancement because one of the fictitious minors in this case was 11 years old. That's a decision that's entirely in the hands of law enforcement. So law enforcement essentially can control whether that eight-level enhancement applies simply by adding a second minor, by making the minor younger than 12. That doesn't change the actual acts that Mr. Hodges engaged in. So at the end of the day, the actual acts that any defendant actually undertook are 3553A factors. The judge is absolutely free to consider them. If the guideline range is inadequate to vary upward based on reasonings that are found in the record. But the guideline range itself has to be correct, and that's the kind of anchor and lodestar the Supreme Court has said over and over again about how important they are. So it's a world of difference between a 121-month guideline sentence and a 324-month guideline sentence. It's much more difficult to talk down from 324 than it is maybe to talk up from 121. And so I think that's an important consideration when considering this. But I think that covers everything. Unless there are any questions, I'll rest on my brief and ask that Mr. Hodges' sentence be vacated and the case remanded for resentencing. All right. Thank you very much. I want to compliment both counsel on excellent arguments. We'll take the case under advisement and issue an opinion in due course. As you know, we normally would come down and greet you in person, but obviously we can't do that. So we hope you'll return to the Fourth Circuit when we're in person. And so with that, we'll take a very short recess and come back and do our third case.
judges: G. Steven Agee, DeAndrea Gist Benjamin, Nicole G. Berner